UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 14 2010 ★

BROOKLYN OFFICE

---

GARY TSIRELMAN, M.D.,

        Plaintiff,

– against –

RICHARD F. DAINES, M.D., Commissioner of Health, New York State Department of Health; and New York State Department of Health; and Kendrick A. Sears, M.D., Chairman of the State Board For Professional Medical Conduct, New York State Department of Health, and State Board For Professional Medical Conduct and their employees and agents,

        Defendants.

**MEMORANDUM, ORDER & JUDGMENT**

10-CV-0903

---

**Appearances:**

For the Plaintiff:

    Clifford Y. Chen
    Watkins, Bradley & Chen LLP
    228 Park Avenue South
    New York, NY 10003

    Julia Paskalova, Esq.
    65 Jay Street, Third Floor
    Brooklyn, NY 11201

For Defendants:

    Andrew M. Cuomo
    Attorney General of the State of New York
    120 Broadway – 24th Floor
    New York, New York 10271
    By: Kathryn E. Leone



1

## Table of Contents

I. Introduction ................................................................................................................. 2

II. Facts and Procedural Background ............................................................................. 3

III. Contention of the Parties ............................................................................................ 4

IV. Law ............................................................................................................................ 5

    A. Motion to Dismiss ................................................................................................ 5

    B. *Younger* Abstention Doctrine .............................................................................. 6

        1. *Younger's* Three Part Test ............................................................................. 6

        2. Need Not Exhaust All State Remedies .......................................................... 8

        3. Discretionary Stay ......................................................................................... 9

V. Conclusion ............................................................................................................... 10

**Jack B. Weinstein, Senior United States District Judge:**

## I. Introduction

Plaintiff Gary Tsirelman, a physician and lawyer, alleges due process violations under 42 U.S.C. §§ 1983 and 1988. The gravamen of his claim is that the use of a 'preponderance' evidentiary standard at the administrative hearings and proceedings which led to the revocation of his medical license and the imposition of a fine were unconstitutional.

Defendants Richard F. Daines, M.D., Commissioner of Health, New York State Department of Health; New York State Department of Health; Kendrick A. Sears, M.D.,

Chairman of the State Board For Professional Medical Conduct, New York State Department of Health, and State Board For Professional Medical Conduct and their employees and agents ("defendants"), move for dismissal of the complaint. *See* Fed. R. Civ. P. 12(b)(1) and (6). For the reasons stated below, the case is stayed pending completion of New York State administrative proceedings.

## II.     Facts and Procedural Background

From August of 2000 through July 2001, plaintiff, then a licensed physician, held an ownership stake in LaMed Medical P.C., a medical clinic. Compl. ¶ 11. In 2007, defendants initiated professional misconduct proceedings against him. Compl. ¶ 17. The Hearing Committee of the State Board for Professional Medical Conduct ("Committee"), a part of the Department of Health, found that plaintiff had engaged in the fraudulent practice of medicine. This finding was based in part on plaintiff's own testimony that he did not perform 'nerve destruction procedures' (NDP), the work for which he billed an insurance company. Compl. ¶¶ 18, 21, 32.

The Committee applied a preponderance standard in reaching its findings of impropriety. Compl. ¶ 9. This standard is prescribed by New York Public Health Law § 230(10)(f). *Id.*

On December 5, 2007, defendants revoked plaintiff's medical license. Complaint ¶ 28. He was also fined $100,000. *Id.*

Plaintiff challenged defendants' action in an Article 78 NY CPLR proceeding in the Appellate Division, Third Department. *See* NY PHL § 230-c(5). The Appellate Division affirmed the revocation and fine. Compl. ¶¶ 33-36. It rejected plaintiff's due process claim.

3

Compl. ¶ 35. The Appellate Division denied a motion for reargument. The New York Court of Appeals denied an appeal.

During the initial Committee hearing plaintiff had requested what was claimed to be exculpatory evidence from the defendants – that is, the practice of other doctors requesting this kind of charge. The request was denied. Compl. ¶¶ 55,56. While the matter was pending in the Appellate Division, New York amended its Public Health Law to require the production of exculpatory evidence to accused physicians. *See* NY PHL § 230(10)(d-1) (effective November 3, 2008). Plaintiff then again requested exculpatory evidence from the Committee's Administrative Law Judge. His request was denied. Compl. ¶¶ 59-60. He was informed that he must file a petition with the Director of the Office of Professional Medical Conduct ("director"), pursuant NY PHL § 230(10)(q), before his case could be reopened.

Plaintiff has not petitioned the director. Instead, he filed a complaint in this court seeking declaratory and injunctive relief against revocation of his license to practice medicine, the return of the $100,000 fine, and attorney's fees under 42 U.S.C. §§ 1983 and 1988. He challenges, both facially and as-applied, the constitutionality of the disciplinary Committee's reliance upon the preponderance standard of proof provided by NY PHL § 230(10)(f), insisting that a clear and convincing burden for revocation must be imposed. Complaint ¶¶ 51-52.

### III.   Contention of the Parties

Section 230(10)(f) of the Public Health Law provides, "The committee shall not be bound by the rules of evidence, but its conclusion shall be based on a preponderance of the evidence." Plaintiff asserts that the findings of fraudulent billing would not have been supported had the Committee utilized a 'clear and convincing' evidentiary standard and taken into account the

4

standard billing procedures of other doctors for synaptic therapy -- the procedure actually performed. He contends that Committee must maintain heightened safeguards for relevance, reliability, and fairness, and that the Committee relied upon incomplete and uncertified records during the hearings. Moreover, he insists that the Committee must conform to newly enacted procedural rules in effect while the case was under review by the Appellate Division. Pointing to the fact that New York had amended the Public Health Law to require the production of exculpatory evidence to accused physicians, NY PHL § 230(10)(d-1) (effective November 3, 2008), while his article 78 petition was pending, plaintiff argues that defendants' failure to provide exculpatory evidence constituted a violation of his due process rights.

Defendants argue that federal precedents support a preponderance standard in similar professional proceedings regarding attorney disciplinary hearings, and that New York courts have consistently upheld the preponderance standard in physician disciplinary proceedings. Moreover, the preponderance standard in physician disciplinary proceedings is commonly used throughout the country. They contend that plaintiff's facial and as-applied challenge is barred by res judicata and collateral estoppel. Finally, they assert that plaintiff has an adequate procedural administrative remedy for reconsideration of the Committee's determination and that abstaining from consideration of this claim is required by federal law.

IV. **Law**

    A. **Motion to Dismiss**

In deciding a motion under Rule 12(b)(6), the well-pleaded facts are accepted as true and considered in the light most favorable to the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974). "Judgment on the pleadings is appropriate where material facts are

5

undisputed and where judgment on the merits is possible by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1998).

As to the motion under Rule 12(b)(1), "the courts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party. . . . Although a motion to dismiss for lack of jurisdiction cannot be converted into a Rule 56 motion, a court may nonetheless look to Rule 56(f) for guidance in considering the need for discovery on jurisdictional facts." *Gualandi v. Adams,* 385 F.3d 236, 244 (2d Cir. 2004).

### B. *Younger* Abstention Doctrine

### 1. *Younger's* Three Part Test

The abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires federal courts to refrain from enjoining pending state judicial proceedings, including administrative proceedings, in order to allow the state to resolve matters within its jurisdiction. *Washington v. County of Rockland,* 373 F.3d 310, 318 (2d Cir.2004). Abstention is afforded when: (1) there is a pending state proceeding that would be disrupted by the relief sought in the federal suit; (2) an important state interest is involved; and (3) the proceeding gives the federal plaintiff an adequate opportunity to raise constitutional claims. *See Univ. Club v. City of New York,* 842 F.2d 37, 40 (2d Cir.1988); *Christ the King Reg'l High Sch. v. Culvert,* 815 F.2d 219, 224 (2d Cir.1987).

There is no need to assess the second prong since plaintiff concedes that physician disciplinary actions constitute an important state interest. As to the first prong, it is unclear whether this case is a "pending state proceeding' under *Younger* and its progeny. In *Culvert,* the

court found an ongoing state action because "the administrative agency in this case ha[d] not yet conducted its formal hearing or imposed any sanctions" *Id.* Here, the State conducted formal hearings, imposing sanctions by revoking a license to practice medicine and characterizing their decisions as a "final ruling." Compl. ¶ 19-28, 60; Nemerson Aff., Ex. 5.

Section 230(10)(q) of the Public Health Law provides plaintiff with a vehicle for a limited administrative appeal, and review of his case if the director allows one. Subsection (q) reads:

> At any time subsequent to the final conclusion of a professional misconduct proceeding against a licensee, whether upon the determination and order of a hearing committee, the licensee may file a petition with the director, requesting

"constitutional challenges to legislative enactments may not be raised in an Article 78 proceeding to review an administrative action." *See also, e.g., New York City Health and Hospitals Corp. v. McBarnette*, 84 N.Y.2d 194, 616 N.Y.S.2d 1 (1994); *Meachem v. Wing*, 77 F.Supp.2d 431,442 (S.D.N.Y.,1999) ("An Article 78 proceeding is not an "appeal" but rather a new proceeding challenging a decision by an administrative body or officer. . . Defendants point the Court to no case holding that the availability of an Article 78 proceeding in state court should be tantamount to an unexhausted appeal for the purposes of *Huffman* and *Younger*." *Id,* at 442.). Arguably, no "pending" proceedings pursuant Article 78 or subsection (q) provides the plaintiff with an adequate opportunity in a state tribunal to raise a constitutional claim under *Younger*.

2.  **Need Not Exhaust All State Remedies**

In *Patsy v. Florida Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), the Court ruled that a plaintiff need not exhaust all state court remedies prior to instituting an action based on 42 U.S.C. § 1983. A footnote in *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), suggested that *Patsy* was limited to some section 1983 cases. The Court asserted:

> The application of the *Younger* principle to pending state administrative proceedings is fully consistent with *Patsy v. Florida Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), which holds that litigants need not exhaust their administrative remedies prior to bringing a § 1983 suit in federal court. Cf. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607-611, 95 S.Ct. 1200, 1209-1212, 43 L.Ed.2d 482 (1975). Unlike *Patsy*, the administrative proceedings here are <u>coercive rather than remedial</u>, began before any substantial advancement in the federal action took place, and involve an important state interest.

477 U.S. at 627 n. 2, 106 S.Ct. 2718 (emphasis added).

In applying the Supreme Court's criteria, lower courts have struggled to distinguish "coercive" from "remedial" in a *Younger* context. *See generally Brown ex rel. Brown v. Day,*

8

555 F.3d 882 (10th Cir. 2009) (discussing the differences in application of the phrase "coercive rather than remedial" by the First, Third, Fourth, Seventh, and Eighth Circuits.). *See also Univ. Club v. City of New York,* 842 F.2d 37, 42 (2d Cir.1988): we look to ". . . the state proceedings to which we defer. . ."); *But see Kirschner v. Klemons,* 225 F.3d 227 (2d Cir. 2000) (avoiding discussion of the issue.).

While it is difficult to define 'remedial' generally, in the instant case, the state administrative subsection (q) petition constitutes an available remedy of vacatur or modification. A proceeding to allow such a remedy can be construed as remedial.

3.   **Discretionary Stay**

It is desirable to stay the instant case to afford the plaintiff an opportunity to pursue a petition to the director. Resolution of issues relating to the alleged exculpatory evidence would be useful in deciding the instant federal case. Without such information it would be difficult for a federal judge to understand the intricate and highly technical nature of the plaintiff's disciplinary proceedings and the esoteric medical terms and practices used in determining reimbursements. As the Court of Appeals for the Second Circuit has acknowledged:

> We recognize that certain circumstances might militate in favor of abstaining from filing a federal suit until disposition of underlying state administrative proceedings. For example, if the claims raised in federal court would necessarily implicate factual issues pending in the underlying state administrative proceeding, pursuant to *Younger* and its progeny, the federal suit would be stayed pending disposition of the underlying state proceedings.

*Washington v. County of Rockland,* 373 F.3d 310, 319 (2d Cir.2004); *But see Franco v. District of Columbia,* 422 F. Supp. 2d 216, 223 (D.D.C. 2006) (when a state court proceeding cannot

9

provide adequate relief on federal claims, a federal court should not stay the proceeding under the *Younger* abstention doctrine).

## V. Conclusion

The case will be stayed since the administrative corrective action is still available to plaintiff. The case shall be marked "administratively closed." It may be reopened on motion of any party upon completion of available State proceedings.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: October 12, 2010
      Brooklyn, New York

10